UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE EDWARDS,

    Petitioner,                                  Civil No. 2:08-CV-12874
                                                    HONORABLE VICTORIA A. ROBERTS
v.                                           UNITED STATES DISTRICT JUDGE

PERCY CONERLY,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DELETE UNEXHAUSTED CLAIMS FROM THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY SUPPLEMENTAL RULE 5 MATERIALS, AND DENYING WITHOUT PREJUDICE THE MOTION FOR AN EVIDENTIARY HEARING**

Johnnie Edwards, ("Petitioner"), presently confined at the Pine River Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84. The Respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008). Respondent has not addressed the merits of Petitioner's claims in its answer.

Petitioner has now filed a motion to delete his unexhausted claims and to have the Court reach the merits of his exhausted claims contained in his habeas petition. Petitioner has also filed a motion for an evidentiary hearing.

For the reasons stated below, Petitioner's motion to delete the unexhausted claims from his petition for writ of habeas corpus is **GRANTED**. The Court further **ORDERS** the Respondent to file a supplemental answer addressing the merits of the exhausted claims and any Rule 5 materials that have not yet been filed with the Court within thirty days of the Court's order. The Court **DENIES** Petitioner's motion for an evidentiary hearing without prejudice.

### I.  DISCUSSION

**A.  The Court will grant Petitioner's motion to delete the unexhausted claims from the petition for writ of habeas corpus**.

Petitioner filed an application for writ of habeas corpus on the following grounds:

I. Ineffective assistance of counsel.

   a. counsel filed to cross-examine every witness.
   b. counsel failed to call a strangulation expert.
   c. counsel informed Petitioner['s]witnesses that they didn't need to show up every day.
   d. counsel failed to investigate the state's theory that strangulation was involved in the present case.
   e. photographs taken by Edwards Photography 4/11/2005 were admitted without objection.
   f. inadmissible hearsay admitted without objection.
   g. failure to object to self-incrimination grounds (sic).
   h. failure to object to irrelevant testimony.
   i. failure to order DNA testing.
   j. failure to request self-defense instruction.

II. Denial of motion to adjourn.

III. Prosecutorial misconduct.

IV. Sentencing.

Respondent moved for the Court to dismiss the petition for writ of habeas corpus on the ground that Petitioner had failed to exhaust his first five ineffective assistance of counsel claims contained in subclaims (a) through (e) of Claim # 1. Petitioner has moved for this Court to delete these unexhausted claims to permit him to proceed with his exhausted claims.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 Fed.Appx. 414, 421 (6th Cir. 2005). Accordingly, in *lieu* of dismissing the petition, the Court will permit petitioner to delete the five unexhausted ineffective assistance of counsel claims from his petition.

### B.  The Court will order Respondent to file a Supplemental Answer addressing the merits of Petitioner's exhausted claims and any additional Rule 5 materials within thirty days.

The Court will further order Respondent to file a supplemental answer which addresses the merits of Petitioner's exhausted claims within thirty days of this order. A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed an answer which called for dismissal of the petition in exhaustion grounds without addressing the merits of Petitioner's claims. An answer to a habeas petition is not like an answer to a civil

complaint.  It should respond to the allegations of the habeas petition. *Id.* at 608-09; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).  Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609.  The practice of filing "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

The Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). 28 U.S.C. § 2243.  In light of the amount of time that has passed in this case, the Court orders Respondent to file its supplemental answer to the petition for writ of habeas corpus within thirty days of this order.

The court also orders Respondent to provide any the Rule 5 materials which it has not already provided at the time it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the

4

petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

### C. The Court will deny without prejudice the motion for evidentiary hearing. Petitioner has also filed a motion for an evidentiary hearing.

Petitioner has also filed a motion for an evidentiary hearing.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer on the merits from Respondent, nor has the Court reviewed the state court record. Without these materials, the Court is unable to determine

whether an evidentiary hearing on Petitioner's claims is needed.  Following receipt and review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

## II. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that the motion to delete unexhausted claims in writ of habeas corpus petition [Court Dkt. # 9] is **GRANTED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's habeas claims within **THIRTY DAYS** of the date of this order. Respondent is further ordered to any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer.

IT IS FURTHER ORDERED that the motion for an evidentiary hearing [Court Dkt. # 9] is **DENIED WITHOUT PREJUDICE.**

                                                            **S/Victoria A. Roberts**
                                                            **Victoria A. Roberts**
**Dated:  February 2, 2009**                    **United States District Judge**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Johnnie Edwards by electronic means or U.S. Mail on February 2, 2009.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**